**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

Daniel Ayala Rodriguez, et al.,
    Plaintiffs,

    v.                                                                    **Civil No. 02-2412 (GAG)**

Rullan, et al.,
    Defendants.

**OPINION AND ORDER**

This matter is before the court on plaintiff's motion for reconsideration and to show cause as to why his due process claim should not be dismissed (Docket No. 86). After review of the record and pertinent law, the court **DENIES** plaintiff's motion for reconsideration on his political discrimination claims and **DISMISSES** his due process claim for failure to show cause.

**I.     Political Discrimination Claims**

It is well-settled that when instituting a claim of political discrimination, the plaintiff bears the initial burden of producing sufficient evidence that his political affiliation was the substantial or motivating factor behind the challenged adverse employment action. See Mt. Healthy City Bd of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Gonzalez de Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004). Plaintiffs must point to evidence on the record which could permit a rational fact-finder to conclude that their dismissals occurred and stemmed from politically based discriminatory animus. See Rivera Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994). Proving that his political affiliation was a substantial or motivating factor in the adverse decision requires more than "[m]erely juxtaposing a protected characteristic-someone else's politics-with the fact that the plaintiff was treated unfairly." See Correa-Martinez v. Arrillaga-Beléndez, 903 F.2d 49, 58 (1st Cir. 1990).

In the instant case, in support of his position, plaintiff points to the fact that his employers knew he was affiliated with the NPP party and had run on the NPP ticket for mayor of Canovanas, and that the ASEM administrators were PDP sympathizers. This is simply not enough to establish

**Civil No. 02-2412 (GAG)**                                        2

discriminatory animus. See Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 432 (1st Cir. 2005) (holding that mayor's awareness of plaintiff's support for a rival mayoral candidate in the primary was, by itself, insufficient to establish political animus); Gonzalez De Blasini, 377 F.3d at 85-86 (affirming the dismissal of a complaint where plaintiff was a well-known supporter of the NPP, had held a trust/confidential/policymaking position under the previous NPP administration, and defendant employer had expressed interest in giving plaintiff's position to a PDP member); Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 48 (1st Cir. 2004) (holding that statement of PDP mayor of intent to rid town of NPP activists was insufficient to generate genuine issues of material fact); and, Acevedo-Diaz v. Aponte, 1 F.3d 62, 69 (1st Cir. 1993) (holding that plaintiffs were not conspicuous targets for discriminatory employment action merely because they played prominent roles in publicly and vocally supporting a former mayor). Thus, summary judgment is warranted as a matter of law.

Furthermore, even assuming that plaintiffs assertions were enough, plaintiff still does not rebut defendants' reason for not renewing the contract. There is simply no support on the record to create a genuine factual and material issue for trial that he would not have been fired but for his political affiliation. The motion to reconsider the dismissal of the political discrimination claims is denied.

**III.   Due Process Claim**

The Fourteenth Amendment guarantees public employees who have a property interest in continued employment the right to at least an informal hearing before they are discharged. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 538 (1985). Whether a property interest exists depends upon whether it was objectively reasonable for the employee to believe, based upon his employment contract, that he could rely on continued employment. Bishop v. Wood, 426 U.S. 341, 347-348 (1976).

In this case, the court ordered plaintiff to show cause as to why his due process claim should not be dismissed given that his contract with ASEM clearly contained a clause that reserved it the right to cancel the contract with thirty (30) days notice. See Docket No. 46, Exh. 8. Clause 23 of the contract clearly states: "[ASEM]  reserves the right to cancel this contract at any time, with at least thirty (30) days advance notification..." Id. ASEM administrators met with Dr. Ayala on May

**Civil No. 02-2412 (GAG)**                3

22, 2006 to notify him that his contract would not be renewed.  The contract expired on June 30, 2002 – thirty-eight (38) days after plaintiff was given notice.  Without citing any authority, plaintiff only categorizes his performance according to past evaluations.  This is not enough.  Plaintiff has not proffered any facts that would, at a minimum, create an issue for trial that he had a property interest in his job or that he could rely on continued employment.  As such, plaintiff has failed to show cause on his due process claim.  The same is dismissed.

**III.    Conclusion**

Therefore, for the aforementioned reasons, the court **DENIES** the motion to reconsider (Docket No. 86), finds that no cause has been shown as to the due process claim, and **DISMISSES** the complaint in its entirety.

**SO ORDERED**.

In San Juan, Puerto Rico this 5th day of September 2006.


*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge